IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD E. WEAKLAND,             )
                                )
            Plaintiff,          )
                                )
      v.                        ) Civil Action No. 05-385J
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
            Defendant           )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 28th day of March, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, denied. The Commissioner's decision of June 28, 2004, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed his applications for benefits on June 12, 2003, alleging a disability onset date of May 22, 2002, due to lower back pain. Plaintiff's applications were denied initially. At plaintiff's request, an ALJ held a hearing on June 14, 2004, at which plaintiff, represented by counsel, appeared and testified. On June 28, 2004, the ALJ issued a decision finding that plaintiff is not disabled. On August 10, 2005, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 41 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20

C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has a high school special education and past relevant work experience as a truck driver and a security officer, but has not engaged in any substantial gainful activity since his alleged onset date. For purposes of plaintiff's Title II application, plaintiff met the disability insured status requirements of the Act on his alleged onset date and has acquired sufficient quarters of coverage to remain insured through at least the date of the ALJ's decision.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of herniated nucleus pulposus at L4-L5 with disc protrusion, left lumbar radiculitis, carpal tunnel syndrome, obesity, asthma, chronic obstructive pulmonary disease, coronary artery disease, depression, generalized anxiety disorder and alcohol abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1, 20 C.F.R. Subpart P, Regulations No. 4.

The ALJ further found that plaintiff retains the residual functional capacity to perform less than the full range of sedentary work with numerous restrictions. (R. 35). Relying on the testimony of a vocational expert, the ALJ found that, although plaintiff cannot perform his past relevant work, he nevertheless retains the ability to perform other work existing in significant

numbers in the national economy in light of his age, education, work experience and residual functional capacity. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; <u>Newell v. Commissioner of Social Security</u>, 347 F.3d 541, 545 (3d Cir. 2003). Generally, if the claimant is found disabled or not disabled at any step, the claim need not be reviewed

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920; <u>Newell</u>, 347 F.3d at 545-46.

further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff challenges the ALJ's finding of not disabled at step 5 of the sequential evaluation process. Specifically, plaintiff contends that: (1) the ALJ failed to properly evaluate the medical evidence; (2) that the ALJ failed to properly evaluate plaintiff's subjective complaints of pain and limitations; and, (3) that the ALJ erred in finding that plaintiff retains the ability to perform substantial gainful activity. After reviewing the ALJ's decision and the record, this court must conclude that the ALJ's finding of not disabled is not supported by substantial evidence.

First, upon review of the record, it is clear that the ALJ's evaluation of the medical evidence fails to withstand substantial evidence scrutiny. Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli v. Barnhart, 247 F.3d 34, 43 (3d Cir. 2001). Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it is to be given controlling weight. Id.

Here, the medical assessment of Dr. Dejulia is well supported by medically accepted diagnostic techniques, including MRI results, decreased reflexes and sensation and lumbar paraspinal tenderness, and is not inconsistent with other substantial

- 5 -

evidence in the record. To the contrary, Dr. Dejulia's assessment is supported by those of Dr. Moncman and Dr. Wiegering. The ALJ, however, rejected all three of these assessments, summarily concluding that none were supported by the objective tests and the totality of the evidence, but without ever specifying the tests and evidence to which he was referring.[2]

Indeed, the ALJ cites in his decision no medical evidence at all contradicting the limitations set forth by Dr. Dejulia, Dr. Moncman and Dr. Wiegering. In the absence of such evidence, the court can only assume that the ALJ was substituting his own lay judgment for that of the medical sources. However, it is a cardinal principle of social security law that an ALJ may not make speculative inferences from medical reports and may not substitute his own lay opinion for those from qualified medical professionals. Morales, 225 F.2d 310 at 317. The ALJ's evaluation of the medical evidence in this case is not supported by substantial evidence.

Likewise, the court finds that the ALJ's evaluation of plaintiff's subjective complaints of pain and other limitations likewise is not supported by substantial evidence. Allegations of

---

[2] While the ALJ correctly noted that the ultimate determination of disability is for the ALJ and the opinion of a medical source, treating or otherwise never is entitled to significant weight on that issue, see 20 C.F.R. §§404.1527(e) and 416.927(e), in this case it is the uncontradicted opinions of the treating sources as to the specific limitations arising from plaintiff's impairments, and not the ultimate conclusions as to whether plaintiff is disabled, that are entitled to controlling weight under the appropriate standards for evaluating medical evidence.

pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c). Although an ALJ may reject a claimant's subjective testimony if he does not find it credible he must explain why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

In this case, plaintiff's complaints of pain were consistent and recorded by all of his treating and examining physicians. In addition, the pain he described is supported by the objective medical evidence as indicated in the reports from Dr. Dejulia, Dr. Moncman and Dr. Wiegering. Nevertheless, the ALJ concluded that plaintiff's testimony was "not entirely credible" in light of his description of his daily activities and lifestyle, the objective medical evidence of record and treating medical opinions regarding the severity of plaintiff's condition and functional limitations.

Again, however, the ALJ fails to point to any specific objective medical evidence or treating medical opinions that are contrary to plaintiff's consistent complaints of pain and limitations. As for plaintiff's activities of daily living, it is well-settled that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5. Here, any limited activities that plaintiff engages in can only be characterized as sporadic and transitory and plaintiff's limited activities of daily living cannot be used as a basis for finding that plaintiff can sustain

work on a regular and continuing basis.[3]

Finally, the court must also conclude that the ALJ's step 5 finding, that there are a significant number of jobs that plaintiff retains the residual functional capacity to perform is not supported by substantial evidence, as that finding was based upon a hypothetical to the vocational expert which did not account for all of plaintiff's impairments and limitations as supported by the record.

The ALJ expressly found in his decision that plaintiff has moderate limitations in concentration, persistence or pace and noted that plaintiff has difficulty concentrating because of his pain. (R. 31). However, this uncontradicted finding is not accounted for by the ALJ in his residual functional capacity finding and he did not include any limitations resulting from concentration difficulties in his hypothetical to the vocational expert, other than, arguably, limiting him to "simple tasks" and "simple work decisions". It is well-settled that a vocational expert's response to a hypothetical that does not reflect all of a claimant's impairments that are supported by the record cannot be considered substantial evidence supporting a step 5 finding of not disabled. Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004).

On the other hand, when presented with hypothetical questions

---

[3] Residual functional capacity assesses "an individual's ability to do sustained work-related physical and mental abilities on a regular and continuing basis." SSR 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Id.

incorporating additional, specific limitations based upon plaintiff's concentration difficulties, the vocational expert indicated that an individual with such limitations would be precluded from substantial gainful activity. (R. 97-100).

When the record has been developed fully and when substantial evidence in the record as a whole indicates that a claimant is disabled and entitled to benefits, it is unreasonable to remand because of the resulting delay in receipt of benefits, and the decision of the Commissioner will be reversed. <u>Podedworny v. Harris</u>, 745 F.2d 210, 221-222 (3d Cir. 1984). Here, the record has been developed fully and substantial medical evidence exists supporting a finding that plaintiff is disabled at step 5 of the sequential evaluation process. However, while a remand for additional evaluation of the medical evidence and plaintiff's credibility would be unnecessary in this case, a remand nevertheless is required because the ALJ found plaintiff's alcohol abuse to be a severe impairment.

Where drug addiction or alcoholism is an issue as it is in this case, the ALJ must adhere to the regulations promulgated to implement the Contract with America Advancement Act. 20 C.F.R. §§404.1535 and 416.935. Those regulations require the Commissioner, where a claimant is found disabled and there is medical evidence of alcoholism or a drug addiction, to determine whether the claimant's alcohol or drug addiction "is a contributing factor material to the determination of disability. 20 C.F.R. §§ 404.1535(a) and 416.935(a). Here, the ALJ found

alcohol abuse to be a severe impairment. Accordingly, on remand, the Commissioner must determine whether plaintiff's alcohol abuse is a contributing factor material to the determination of disability.

Accordingly, for the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Beth Arnold, Esq.
    Binder and Binder
    526 Hamilton Road
    Merion, PA 19066

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901